**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **EDWARD C. BUTLER,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) **CASE NO.: 6:10-cv-00762-MSS-GJK** |
| **RANDALL MECHANICAL, INC., & JEFFREY S. CONDELLO, Individually,** | ) |
| **Defendants.** | ) |

**PLAINTIFF'S UNOPPOSED MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST DEFENDANTS & MEMORANDUM OF LAW**

COMES NOW the Plaintiff, Edward C. Butler, by and through undersigned counsel, and files his Unopposed Motion for Entry of Final Judgment Against Defendants, Randall Mechanical, Inc. and Jeffrey S. Condello. Plaintiff's Motion should be granted for the reasons below which constitute good cause shown:

1. On May 17, 2010, Plaintiff filed the instant Complaint claiming violations of the Fair Labor Standards Act. (Doc. 1).

2. On June 21, 2010, Defendant filed its Answer. (Doc. 7).

3. On August 9, 2010, Plaintiff filed his Answers to the Court's Interrogatories. (Doc. 13 & 14). Plaintiff claimed $5,907.00 in unpaid wages. (Doc. 14).

4. On October 15, 2010, the Parties, inter alia, met for the Case Management Conference and, on October 18, 2010, they submitted a Case Management Report. (Doc.

18). Furthermore, the Parties engaged in written discovery and extensive settlement negotiations.

5. On April 1, 2011, Defendants served Plaintiff with a Federal Rule of Civil Procedure 68 Offer of Judgment for $10,000.00. (Doc. 20-1).

6. On April 13, 2011, per Rule 68, Plaintiff gave Defendants timely written notice of his acceptance of the $10,000.00 Offer of Judgment. (Doc. 20-2).

7. On April 13, 2011, Plaintiff filed a Notice with Court informing the Court about Defendants' Offer of Judgment and his acceptance. (Doc. 21).

8. Plaintiff now respectfully moves the Court for Judgment against Defendants and that the Court award Plaintiff $5,907.00 for his unpaid wages and that it award Plaintiff $4,093.00 for attorney's fees and costs for a total Judgment of $10,000.00 to be paid within fifteen (15) days of the Court's entry of Final Judgment.

**MEMORANDUM OF LAW**

Rule 68 Offer of Judgment states:

> **(a) Making an Offer; Judgment on an Accepted Offer.**
>
> More than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 10 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.
>
> **(b) Unaccepted Offer.**
>
> An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.
>
> **(c) Offer After Liability Is Determined.**
>
> When one party's liability to another has been determined but the extent of liability remains to be determined by further proceedings, the party held

> liable may make an offer of judgment. It must be served within a reasonable time — but at least 10 days — before a hearing to determine the extent of liability.
>
> **(d) Paying Costs After an Unaccepted Offer.**
>
> If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Plaintiff accepted Defendants' Offer of Judgment within ten (10) days as required by law. Plaintiff filed timely notice of acceptance which Defendants received. Therefore, the Clerk must enter Judgment against Defendants.

FLSA claims can be resolved through two channels. First, Section 216(c) of the FLSA allows employees to resolve their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, such as the case *sub judice*, an employee may resolve FLSA claims against an employer if the parties present the district court with terms of resolution and the district court enters a stipulated judgment approving the fairness of the settlement. *Id*.; *see also Sculte, Inc. v. Gandi*, 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In discussing the rationale for requiring court approval, the U.S. Court of Appeals for the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a

> reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.
>
> *Lynn's Food Stores*, 679 F.2d at 1354.

The resolution of the instant action involves a situation in which the Court may approve the Parties' agreement to resolve the Plaintiff's FLSA claims against Defendants. The proposed "settlement" arises out of an action brought by the Plaintiff against his former employer, which was adversarial in nature. The Parties agree that the instant action involves disputed issues. The Parties further agree that the agreement reached by the Parties pursuant to the Offer of Judgment reflects a reasonable compromise of the disputed issues. The Parties and their counsel discussed the Plaintiff's alleged overtime hours and pay rate and formulated their own proposed settlement figures. The Parties then engaged in settlement discussions through their respective counsel based upon their independent calculations. The Parties, through their attorneys, voluntarily agreed to the terms of Defendants' Offer of Judgment after extensive settlement negotiations did not yield a settlement. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

The Parties have agreed to allow the Court to enter Judgment against Defendants for $10,000.00. The Parties' counsel engaged in lengthy settlement discussions regarding Plaintiff's compensation and work hours. The Parties' counsel also reviewed all pay and time records for Plaintiff and e-mail records relating to work performed. As a result of the foregoing discussions, Plaintiff has agreed to accept $10,000.00 ($5,907.00 in alleged unpaid

overtime) to resolve his claims in full. $5,907.00 is the amount in unpaid wages that Plaintiff averred he was due in response to the Court's Interrogatories. (Doc. 14).

Plaintiff's counsel will receive $4,093.00 from Defendants representing reasonable attorney's fees and costs as reflected on the attached Bogin, Munns & Munns, P.A. billing and costs ledger. **See** Exhibit No. 1. This case has involved, inter alia, (1) substantial research regarding the misclassification/exemption and miscalculation issues, (2) the drafting and filing of pleadings, (3) written discovery requests, (4) reviews of Plaintiff's pay and time records, (5) lengthy settlement discussions between counsel and between Plaintiff and Plaintiff's counsel including, but not limited to, the negotiation of a settlement agreement, modification and rejection of a written settlement, and, finally, resort to a Rule 68 resolution. Not included in Plaintiff's counsel's billing and costs ledger are one and one half hours (1.5) drafting the instant Motion and conferring with Defendants' counsel regarding same.

Costs in this case for, inter alia, the filing fee, service of process fees, postage, copies, totaled $608.56. Plaintiff and Plaintiff's counsel have agreed to respectfully ask the Court to split the $10,000.00 Judgment in this manner: (1) $5,907.00 to Plaintiff for the unpaid wages his due, (2) $3,484.44 for attorney's fees, and (3) $608.56 for costs. $3,484.44 for attorney's fees is reasonable because undersigned counsel has devoted 24.1 hours prosecuting this action (not including 1.5 hours working on this Motion) and his Paralegal, Mary Jane Murphy, has devoted 4.2 working on the instant case as well. The attorney's fees that Plaintiff's attorneys have agreed to accept to help his client facilitate this resolution are substantially less than half of the attorney's fees due and translates to roughly $136.00 per hour (i.e., $3,884.44 divided by 25.6 attorney hours). Plaintiff's counsel certifies that he

contacted Defendants' counsel, Rachel D. Gebaide, Esq. on Wednesday, June 15, 2011, regarding this Motion, and that Defendants' counsel does not oppose this Motion.

WHEREFORE for the reasons stated above, which constitute good cause shown, Plaintiff respectfully requests that the Court enter Judgment against Defendants in this manner: (1) $5,907.00 to Plaintiff for unpaid wages and (2) $4,093.00 to Plaintiff's attorneys for attorney's fees and costs.

/s/ Daniel A. Perez
Daniel A. Perez, Esquire
Florida Bar No. 426903
BOGIN, MUNNS & MUNNS, P.A.
924 Garfield Street
Melbourne, Florida 32935
Tele. 321-254-3939
Fax 321-254-3929
E-mail: dperez@boginmunns.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to Defendants, this 16th day of June, 2011.

/s/ Daniel A. Perez
Daniel A. Perez, Esquire
Florida Bar No. 426903
BOGIN, MUNNS & MUNNS, P.A.
924 Garfield Street
Melbourne, Florida 32935
Tele. 321-254-3939
Fax 321-254-3929
E-mail: dperez@boginmunns.com
Attorney for Plaintiff